THE STATE, THE NEW JERSEY ZINC COMPANY, PROSECUTORS, v. WILLIAM S. HANCOCK, STATE COMPTROLLER, ET AL.

Argued February 23, 1899—Decided June 12, 1899.

Where an absolute exemption from taxation is granted by the legislature to members of a certain class, the failure of a member of such class to communicate to the taxing officers the existence of the facts which entitle him to the immunity granted, does not afford a valid ground for refusing to set aside a tax assessed against him.

On *certiorari*.

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutors, *Richard V. Lindabury*.

For the state, *Samuel H. Grey*, attorney-general.

The opinion of the court was delivered by

GUMMERE, J. The prosecutors are a corporation, incorporated under the laws of this state. Their business is the mining of zinc ores, and the manufacturing of those ores into different commercial products. Over four-fifths of their capital stock is invested in the business of mining and manufac-

turing which is carried on in this state. They seek, by this *certiorari*, to have set aside, as improperly assessed against them, a license fee or franchise tax, levied upon them in the year 1898, by the state board of assessors, under the provisions of "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof." *Gen. Stat., p.* 3335. Section 4 of that act, after first imposing fixed annual license fees or franchise taxes upon certain specified corporations, proceeds to impose upon "all other corporations incorporated under the laws of this state an annual license fee or franchise tax of one-tenth of one per cent. on their capital stock issued and outstanding;" and commands such corporations to make an annual return to the state board of assessors of such information as may be required by said board to carry out the provisions of the act. By a proviso to this section, however, it is declared that "this act shall not apply to manufacturing or mining corporations at least fifty per cent. of whose capital stock, issued and outstanding, is invested in mining or manufacturing carried on within this state."

It is undisputed that the prosecutors are within the exemption of this proviso. They failed, however, to comply with the direction of the statute to return to the state board of assessors such information as was required by them to carry out the provisions of the act, and it is claimed by the state that, as the assessment of the tax against them was due to their failure to make such return, they should not now be relieved from its imposition. The argument is that whether or not the prosecutors were within the terms of the proviso was a matter exclusively within their own knowledge; that it was the duty of the board, under the act, in the absence of information as to how the prosecutors' capital stock was invested, to impose the tax; and that, as the tax was properly imposed by the board, it should not now be set aside by this court because the prosecutors have seen fit to communicate to it facts which it failed to lay before the board.

The fallacy of this contention lies in its failure to give full

force and effect to the words of the proviso "this act *shall not apply* to," &c. The exemption of the prosecutors is absolute. It is not conditional upon their submitting to the state board facts showing that they are within the terms of the proviso; and whether they submit such facts to the board, or whether they do not, the assessment of a license fee or franchise tax against them is equally unwarranted by the statute, and must be set aside. But, as the assessment of the tax, and the proceedings subsequently taken by the prosecutors in order to be relieved from its payment, have all resulted from the failure of the prosecutors to make the return to the state board required by the statute, the tax will be set aside, without costs.